# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOSIE GASTELLO,<br><br>　　　　　Respondent. | Case No. CV 19-8578-PA (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On October 4, 2019, William Allen Garrett ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus ("Petition"). Petitioner claims that his constitutional rights were violated in connection with a September 2019 incident that resulted in his placement in administrative segregation pending the outcome of a prison disciplinary hearing. (See Petition at 2, 6-7, 11-12, 14-19.)[1] Petitioner claims that the "cum[]ulative effect of the constitutional violations has caused [him] mental and physical stress." (Id. at 12-13.) He seeks, inter alia, money damages and to have the rules violation dismissed and removed from his prisoner file. (Id. at 7, 13.)

As set forth below, the Petition fails to state a cognizable habeas claim and should be dismissed without prejudice.

---

[1] The Court refers to the pages of the Petition as numbered by the CM/ECF system.

# DISCUSSION

## I. Duty to Screen Habeas Petitions

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2. The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

## II. The Petition Should Be Dismissed for Failure to State a Cognizable Habeas Claim

Petitioner challenges the issuance of a rules violation report against him and his placement in administrative segregation pending the outcome of a prison disciplinary hearing. (See Petition at 2, 6-7, 11-19.) Specifically, he seeks the following remedies: (1) "issue a prohibitive order restrain[in]g defendant from using punishment to intimidate or coerce petitioner from going through the trash, (2) to issue an order to dis[miss] or reissue the 115 for battery [,] (3) return to whole and reinstate petitioner status [quo] [,] and (4) award monetary damages for cum[]ulative effect of violation to petitioner['s] constitutional right to be free from discriminatory perse[cution] for a mental illness." (Petition at 7.) He also seeks to have the rules violation charge against him dismissed and removed from his prisoner file. (Id. at 13.) Petitioner's claims are not properly brought in a habeas petition because he does not challenge the fact or duration of his confinement.

A district court will entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "'Challenges to the validity of any confinement or to particulars affecting its duration are the

province of habeas corpus.'" Hill v. McDonough, 547 U.S. 574, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)). Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement that would, if successful, result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973). A civil rights action – not a habeas action – is the exclusive vehicle for a state prisoner's claim that does not fall within this "core." Nettles v. Grounds, 830 F.3d 922, 927-31 (9th Cir. 2016) (en banc). When success on a prisoner's claims "would not necessarily lead to his immediate or earlier release from confinement," such claims do not fall within "the core of habeas corpus[.]" Id. at 935 (citation omitted).

On the face of the Petition, it is clear that success on Petitioner's claims regarding the rules violation report and placement in administrative segregation would not necessarily entitle him to an accelerated release from confinement. See Nettles, 830 F.3d at 935 (challenge to validity of disciplinary hearing that led to rules violation report not cognizable on federal habeas review notwithstanding alleged impact on parole determination); Ramirez v. Galaza, 334 F.3d 850, 855, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Accordingly, Petitioner's claims are not cognizable on federal habeas review.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: October 9, 2019

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE